## McLARREN v. McLARREN.

APPEAL AND ERROR; DIVORCE.

A wife who had been allowed to prosecute *in forma pauperis* an appeal

Note.—On jurisdiction to award temporary alimony, suit money, and counsel fee pending an appeal in a divorce suit see note in 27 L.R.A. (N.S.) 712.

from a decree granting her husband a divorce *a vinculo,* moved· in this court for an order compelling him to pay her alimony pending the appeal and a sum sufficient to pay counsel fees and cost of printing her brief. The motion was *denied,* as it appeared that in the lower court the husband had been compelled to pay his wife alimony in a maintenance suit brought by her until he was awarded an absolute divorce ·in a suit instituted by him during the pendency of the maintenance suit, and that the court below had subsequently denied her further alimony in the maintenance suit because of the absolute divorce, and had refused her alimony in the divorce suit for want of jurisdiction,, the case having been removed to this court on appeal. (Distinguishing *Lane* v. *Lane,* 26 App. D. C. 235.)

No. 2917.   Submitted February 23, 1916.   Decided March 6, 1916.

MOTION by the appellant for an order compelling the appellee to pay appellant alimony pending the appeal, and also a sum sufficient to pay counsel fee and cost of printing brief in this court.                                        *Denied.*

*Mr. Victor H. Wallace* and *Mr. Percy Metzger* for the motion.

*Mr. W. A. Coombe* and *Mr. Irving Williamson* opposed.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The appellant, Delphine E. McLarren, moved for an order .compelling the appellee, Edmund W. McLarren, to pay her alimony pending this appeal, and also a sum sufficient to pay counsel fees and the cost of printing a brief in this court.

It appears that the parties were husband and wife, and that the wife brought suit in the supreme court of the District of Columbia against her husband, Edmund W. McLarren, alleging desertion and praying for an allowance for support.

An order was made in this case requiring the husband to pay her the sum of $45 per month. Pending this suit the husband filed a bill for absolute divorce from the wife on the

ground of adultery, and procured a decree granting the same on that ground October 29, 1915.

From that decree the wife has taken this appeal, which she has been permitted to prosecute *in forma pauperis.*

The husband paid the alimony required by order of the court in the wife's proceeding up to the date of the decree dissolving the marriage in this suit.

Before filing the motion under consideration, the appellant moved in the equity court for an order to pay alimony, which was denied for want of jurisdiction. She then filed a similar motion in the suit pending in said court wherein the original order for payment of alimony was granted. This was heard and denied February 21, 1915, without prejudice, the court being of the opinion that the plaintiff is not entitled to said order by reason of the decree of divorce *a vinculo* passed October 29, 1915, in the second equity cause.

It has been held by this court that under special circumstances, pending an appeal in a divorce proceeding, the court has power to make an order requiring the payment of a sum of money to enable the wife to maintain her defense. *Lane* v. *Lane,* 26 App. D. C. 235, 6 Ann. Cas. 683.

But in that case there had been an order granted for the payment of alimony in the trial court. The husband failed to pay the arrears and was arrested, and held in contempt, and appealed from that decree.

There had been no change in the status of the parties since the original order for payment had been made. The husband was in default, the wife was in destitute circumstances. An order was entered in that appeal requiring the husband to pay her $25 to enable her to defend the case.

The case at bar is different. The husband has been compelled to pay alimony to his wife in her action against him, and continue to pay the same until the rendition of a decree of divorce in his favor. No application was made to the court at that time for alimony or expenses. When application was made to the court after rendition of the decree appealed from, the transcript

·had been filed in this court and the court below had lost juris-
diction.

The original suit for maintenance was then pending, and the
plaintiff moved for an order to compel the payment of the ali-
mony therein provided, but the court denied the same because
the divorce had been granted the husband.

Under the circumstances we do not think a case is presented
for the order prayed for, and the motion is denied.

Appellant is, however, permitted to file three typewritten
briefs in the case, which will be considered on the hearing.

*Motion denied.*